**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Robert Parmentier, | No. CV-22-01535-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| R. Heisner, | |
| Respondent. | |

Currently pending is Petitioner's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241. This case was referred to a Magistrate Judge. (Doc. 6). The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 24).

After the R&R was issued, Petitioner filed an interlocutory appeal. That appeal was dismissed because the R&R was not an appealable order. (Doc. 28). The mandate has issued. (*Id.*).

The R&R recommends that this Court deny relief. Specifically, the R&R finds that Petitioner is not "entitled to credit towards his federal sentence for the days spent in federal custody pursuant to the Writ of Habeas Corpus Ad Prosequendum." (Doc. 24 at 3). Neither party has objected to the R&R. The time for filing objections has run.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de*

*novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

Neither party having objected,

**IT IS ORDERED** that the Report and Recommendation (Doc. 24) is accepted except as modified below. The Petition for Writ of Habeas Corpus is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b). Note of Advisory Committee on Rules—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review.

**IT IS FURTHER ORDERED** that the portion of the Report and Recommendation regarding a certificate of appealability is modified to reflect that a certificate of appealability is not required to appeal a petition brought pursuant to 28 U.S.C § 2241.[2]

Dated this 30th day of October, 2023.

James A. Teilborg
Senior United States District Judge

---

[2] *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997).